[Crim. No. 18862. First Dist., Div. One. July 26, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDY JONES, Defendant and Appellant.

COUNSEL

Nicholas H. Rossi, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

ELKINGTON, J.— Defendant Eddy Jones' appeal is from a superior court misdemeanor judgment of conviction, based upon his plea of guilty to violating Penal Code section 12020, subdivision (a), in that he carried upon his person a concealed "dirk or dagger." The only proper issue concerns the superior court's denial of his Penal Code section 1538.5 motion to suppress evidence of the subject weapon.

Evidence at the hearing on Jones' motion to suppress disclosed these facts.

The juvenile court had before it a Welfare and Institutions Code section 300, subdivision (d), proceeding, in the course of which the juvenile probation department was investigating the origin of scars and marks of beatings on the body of Jones' young son, Brian. A juvenile probation officer, Ms. Bent, who was assigned to the case had visited Jones at his home. On the day that the case was set for hearing, Ms. Bent observed Jones in a waiting room of the court. She then imparted to the superior court's bailiff who had expressly been charged with the court's security, the following information.

Ms. Bent told him of her visit to Jones at his home a couple of weeks before, and of the nature of the proceedings before the juvenile court concerning Brian. Jones, she said, had been hostile in his manner and openly brandished a .45 automatic weapon throughout the 35-minute interview. He told her that he "carried a weapon all the time," and he "made a threat if anybody attempted to take his child he would kill him." Throughout the interview with Jones, Ms. Bent was concerned for her

safety; "it was a very frightening experience for her, talking to a man who was very hostile and also happened to have a weapon in his hand."

The bailiff repeated the information given him by Ms. Bent to the presiding judge of the court. The judge ordered a weapons search of Jones because of what he considered his "inherent power to protect and duty to protect the courtroom and secure it and the outlying premises," and because of "the statement that [Jones] was going to kill anybody who tried to take his child away from him." (The then pending proceedings were reasonably calculated to do just that, in the event of a determination that it was Jones who had battered his son Brian.)

The bailiff and a fellow sheriff's deputy then accosted Jones in the waiting room and told him to come with them to a less public area where he was pat-searched. The pat-search disclosed a "dirk or dagger" with a six-inch blade, the contraband nature of which object was admitted by Jones' guilty plea. (See *People* v. *Kaanehe,* 19 Cal.3d 1, 8-9 [136 Cal.Rptr. 409, 559 P.2d 1028].) There was, of course, no warrant for the search (except for the judge's order), and the search was nonconsensual.

Jones' appellate contention follows: "Appellant was deprived of due process by the court's denial of motion to suppress evidence found as a result of the warrantless search and seizure; there was not justification or probable cause for the search and seizure."

We recognize, and respect, the burden placed upon counsel, on an appeal from a judgment of conviction of crime, by *Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396], and related authority. But upon an equally meritless contention on appeal from a judgment in a civil action we are of the opinion that we should be obliged to declare it frivolous.

We need not extend our consideration beyond elementary Fourth Amendment law.

■ The Fourth Amendment proscribes only *"unreasonable"* searches and seizures. (See *Mincey* v. *Arizona* (1978) 437 U.S. 385 [57 L.Ed.2d 290, 98 S.Ct. 2408].) " 'There is no exact formula for the determination of reasonableness. Each case must be decided on its own facts and circumstances . . . and on the total atmosphere of the case.' " (*People* v. *Superior Court (Kiefer)* (1970) 3 Cal.3d 807, 827 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559]; *People* v. *Ingle* (1960) 53 Cal.2d 407, 412 [2

Cal.Rptr. 14, 348 P.2d 577] [cert. den., 364 U.S. 841 (5 L.Ed.2d 65, 81 S.Ct. 79)], and see authority there collected.) ▮ Under the foregoing criteria, the "facts and circumstances . . . the total atmosphere" of this case, we are of the opinion that no reasonable trier of fact could conclude other than that the here criticized conduct of the superior court and its bailiff was *reasonable,* and thus without Fourth Amendment fault.

▮ Furthermore, the superior court had both *the statutory and inherent power* (see *Hawk* v. *Superior Court,* 42 Cal.App.3d 108, 126-127 [116 Cal.Rptr. 713] [cert. den., 421 U.S. 1012 (44 L.Ed.2d 680, 95 S.Ct. 2417)]), *and duty,* " 'to preserve the order of the court and to see to it that all persons . . . indulge in no act or conduct calculated to obstruct the administration of justice' " *(People* v. *Merkouris,* 46 Cal.2d 540, 556 [297 P.2d 999]), and "to take whatever steps were necessary to see that no conduct on the part of any person obstructed the administration of justice" *(People* v. *Santo,* 43 Cal.2d 319, 331 [273 P.2d 249] [cert. den., 348 U.S. 959 (99 L.Ed. 749, 75 S.Ct. 451)]). That power and duty patently extended to the prevention of threatened courtroom violence reported, as here, by an officer of the court of her own knowledge.

Jones' motion to suppress the "dirk or dagger" found on his person was properly denied.

▮ Jones' remaining contention that, as a matter of law, the subject of the suppression hearing, a folding knife with a six-inch blade and a handguard on an eight-inch locking handle, was not a "dirk or dagger," need not be further considered by us. As we have pointed out, by his plea of guilty Jones conclusively admitted that it was. (See *People* v. *Kaanehe, supra,* 19 Cal.3d 1, 8-9.)

The judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied August 23, 1979.