[Crim. No. 43851. Second Dist., Div. Four. May 29, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD LEE SHELLEY, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ralph H. Goldsen and Cheryl Lutz, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Edward T. Fogel, Jr., and Timothy E. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**McCLOSKY, J.**—The sole question presented in this appeal is whether the trial court's failure to provide for the effective representation of appellant Harold Lee Shelley when his public defender expressly refused to participate in his client's trial requires reversal of appellant's convictions for kidnaping (Pen. Code, § 207; count I) and assault with intent to commit rape (Pen. Code, § 220; count II). This inquiry must be answered in the affirmative.

FACTS

On July 14, 1982, during the course of the trial, appellant's trial counsel read the following statement into the record:

" 'In view of the court's rulings, Mr. Shelley and I are taking the following position for the balance of the trial:

" '1. We will be here as we must.

" '2. I will not raise any objections, cross-examine witnesses, discuss instructions, argue or present a defense or participate in any way other than being physically present in the trial.

" 'I feel that Mr. Shelley cannot in view of the court's rulings have a fair trial.

" 'I don't think he is getting a fair trial now, and it is clear to me that that will not change.

" 'That will be my position.' "

In response, the trial court stated: "There is really nothing for me to say or for Mr. Cahill [the prosecutor] to say. Court would merely make it clear he will at the present time despite the statement you just read have the opportunity to participate to the extent that you desire. I cannot require you, nor would I require you, to participate. The opportunity to participate is all that this court guarantees to anyone."

The trial counsel's decision not to participate stemmed from his dissatisfaction with the trial court's decision to increase bail and to remand appellant to custody and the denial of appellant's motion to suppress statements.

The prosecutor advised the trial court of his concern that appellant's trial counsel "is quite possibly voluntarily denying the defendant effective assistance of counsel, which would be a ground for appeal." After the prosecutor argued that the grounds raised for nonparticipation did not justify the withholding of effective assistance of counsel, the trial court reiterated: "I will stand on what I said, counsel. There is nothing the court can do other than make available to the defendant and his counsel the opportunity to put on a defense. If they choose not to, that is their concern. That is not something that the court cares to or should properly interfere in. If he wants to sit mute, he may do so. I don't know whether that is in the best interests of the defendant. I am not going to speculate on whether it is. Let's bring the jury in."

For the remainder of the day, appellant's trial counsel did not participate in the trial. He did not cross-examine any of the witnesses thereafter called to testify or make any objections to the questions posed by the prosecutor.

On July 15, 1982, counsel's participation in the trial was limited solely to an expression of his doubt as to his client's competency. The trial court recessed the trial and appointed a psychiatrist to examine appellant under Penal Code section 1368. Trial counsel stated that he would furnish the psychiatrist with some biographical information about appellant and with the jury instruction on mental competence. He declined, however, to be present during the interview.

On July 19, 1982, the trial court noted that the psychiatrist had made a report to the court wherein he stated his belief that appellant was competent within the meaning of Penal Code section 1368. The trial court concluded, therefore, that there was no reason to proceed under Penal Code section 1368.

On July 19th, the prosecutor again voiced his concern that appellant's trial counsel's course of conduct raised the issue of inadequacy of counsel. The prosecutor requested that the trial court inquire of appellant as to whether he objected to his attorney's inaction. Appellant's trial counsel objected on the grounds that appellant had the right to remain silent, the attorney-client privilege was implicated and that "considerations as to how the trial should proceed are basically immaterial, given at least the information that we have as far as mental competency and as contrasted with my experience in court of 14-1/2 years."

The trial court noted the objection, but permitted the prosecutor to ask appellant if he consented to his attorney's nonparticipation. The following then occurred:

"MR. CAHILL: Mr. Shelley, you don't have to answer any questions at all; do you understand? You don't have to talk to me; do you understand that?

"THE DEFENDANT: Yes.

"MR. CAHILL: At this time I wish to merely give you the opportunity to object to what [your attorney] is doing, and I am not saying you should or shouldn't. You could work that out with him. You can make the decision on your own. However, [your attorney] has stated here on the record in front of you that for the rest of the trial he isn't going to make any objections or ask any questions of the witnesses against you. He isn't going to call any witnesses, and he isn't going to give a closing argument as to the reasons why the jury should not find you guilty, and if you wish to object to that, I want to give you this opportunity to do so. If you don't want to object to it or if you don't want to say anything, that is fine, but I want to give you this opportunity.

"THE DEFENDANT: I object to it.

"MR. CAHILL: So you are not satisfied with [your attorney's] choice in proceeding in this fashion?

"THE DEFENDANT: Yes, I am.

"Mr. CAHILL: You are satisfied.

"The DEFENDANT: With [my attorney] I am.

"Mr. CAHILL: So you don't object to doing it the way he wants to do it? That is okay with you; is that right?

"The DEFENDANT: I like the way he is doing it now.

"Mr. CAHILL: And it is okay if he doesn't ask any questions or make any argument? Mr. Shelley, it is okay if he doesn't ask any questions or doesn't argue or object?

"The DEFENDANT: It is all right. I'll answer questions. I appreciate what he is doing now.

"Mr. CAHILL: And that particular choice, his statement that he is not going to do anything more in terms of questions or argument, that is all right with you?

"The DEFENDANT: Yes, sir.

"Mr. CAHILL: Thank you, Mr. Shelley."

Thereafter, the appellant's trial counsel did not actively participate throughout the duration of the trial itself. He did not cross-examine any of the additional witnesses called by the prosecutor and presented no defense. Nor did he object to the introduction of evidence. Moreover, he made no objection to, or requests for, jury instructions, and he made no closing argument. It was only after the jury had been instructed and was deliberating that appellant's trial counsel resumed active representation of his client.

DISCUSSION

I

The Sixth and Fourteenth Amendments to the United States Constitution and article I, section 15 of the California Constitution, guarantee every criminal accused the right to counsel. Moreover, it has long been established that this constitutional right means the right to effective assistance of counsel. (*McMann* v. *Richardson* (1970) 397 U.S. 759, 771, fn. 14 [25 L.Ed.2d 763, 773, 90 S.Ct. 1441]; *Reece* v. *Georgia* (1955) 350 U.S. 85, 90 [100 L.Ed. 77, 76 S.Ct. 167]; *Powell* v. *Alabama* (1932) 287

U.S. 45, 71 [77 L.Ed. 158, 172, 53 S.Ct. 55, 84 A.L.R. 527].) Hence, a conviction must be reversed if the state has failed to afford an indigent criminal defendant with a reasonably competent attorney acting as a diligent, conscientious advocate. (*People* v. *Pope* (1979) 23 Cal.3d 412, 424 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) This standard applies equally to retained counsel. (*People* v. *Frierson* (1979) 25 Cal.3d 142, 162 [158 Cal.Rptr. 281, 599 P.2d 587].)

In resolving the issue presented in this case, we are guided by the principles enunciated in *People* v. *McKenzie* (1983) 34 Cal.3d 616 [194 Cal.Rptr. 462, 668 P.2d 769]. Therein, the public defender expressly refused to participate in the trial on the ground that certain rulings made by the trial court made it impossible for him to effectively represent his client. The Supreme Court held that counsel's action and inaction could "in no way be characterized as constituting effective assistance of counsel." (*Id.*, at p. 635.)

The *McKenzie* court discussed the duties of trial counsel thusly: "'The duty of a lawyer both to his client and to the legal system, is to represent his client zealously *within the bounds of the law.*' (Italics deleted.) (*Hawk* v. *Superior Court* (1974) 42 Cal.App.3d 108, 126 [116 Cal.Rptr. 713] [cert. den. (1975) 421 U.S. 1012 (44 L.Ed.2d 680, 95 S.Ct. 2417)]; CPR of ABA, DR 7-101(A)(1), DR 7-102(A)(8).) More particularly, the role of defense attorney requires that counsel 'serve as the accused's counselor and advocate with courage, devotion and to the utmost of his or her learning and ability . . . .' (ABA Standards, Defense Function, std. 4-1.1(b).) Once an attorney is appointed to represent a client, he assumes the authority and duty to control the proceedings. The scope of this authority extends to matters such as deciding what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or reject, what motions to make, and most other strategic and tactical determinations. (*Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 781 [126 Cal.Rptr. 251, 543 P.2d 619]; *People* v. *Berumen* (1969) 1 Cal.App.3d 471, 476 [81 Cal.Rptr. 757]; ABA Standards, Defense Function, std. 4-5.2.) A refusal to participate in formulating or conducting a defense is not generally among the available strategic options.

"Once an attorney has been assigned to represent a client, he is bound to do so to the best of his abilities under the circumstances despite the not uncommon difficulty of that task, particularly in the context of criminal trials. (See rule 6-101(2), Rules Prof. Conduct of State Bar.) This duty is not affected by the fact that a client may be uncooperative or that, as in this case, a trial court's ruling on a substantive motion appears to be arbitrary or incorrect. The existence of these admittedly adverse conditions does not

relieve counsel of the duty to act as a vigorous advocate and to provide the client with whatever defense he can muster. Any other course would be contrary to the attorney's obligation 'faithfully to discharge the duties of an attorney at law to the best of his knowledge and ability.' (Bus. & Prof. Code, § 6067.)'' (*People* v. *McKenzie, supra,* 34 Cal.3d at p. 631; fn. omitted.)

In his declaration in support of appellant's motion for a new trial, appellant's trial counsel stated in pertinent part: "I did *not* decide on this course of action to sabotage the trial on incompetent counsel grounds or any related reason, but rather to show the court the depth of my conviction that [appellant] was improperly in custody and had to be let out in order to have a fair trial."

■ The mere characterization of an attorney's decision or course of conduct as "tactical" does not insulate it from constitutional scrutiny, for a criminal defendant may be deprived of the effective assistance of counsel "if trial counsel makes a critical tactical decision which would not be made by diligent, ordinarily prudent lawyers in criminal cases. This is true even if the decision were not made from ignorance of the law or a fact." (*People* v. *Pope, supra,* 23 Cal.3d at p. 424.)

■ *McKenzie* establishes that appellant's trial attorney's decision not to participate in the trial was not an acceptable tactical decision that would have been made by a diligent ordinarily prudent attorney: "A refusal to participate in formulating or conducting a defense is not generally among the available strategic options." (34 Cal.3d at p. 631.) The court explained: " 'It is the imperative duty of an attorney to respectfully yield to the rulings of the court, *whether right or wrong.* [Citations.]' [Citations.] 'If the ruling is adverse, it is not counsel's right to resist it or to insult the judge—his right is only respectfully to preserve his point for appeal.' [Citations.] . . . . [¶] In short, counsel cannot attempt to coerce trial courts to rule in a particular manner by threatening to inject reversible error into the proceedings through an unwarranted refusal to provide effective assistance. The judicial system provides remedies for potential abuses or errors in rulings by the trial courts. Except perhaps in the most extreme circumstances . . ., counsel cannot be permitted to bypass these established procedures regardless of how firmly he believes his client has been wronged or abused by the trial court; to do so would be to invite the collapse of our system of judicial administration. 'Attorneys, by reason of their position and training, have a duty to insure order in our judicial system. [Citations.]' [Citation.] . . .'' (34 Cal.3d at pp. 632-633.)

It is clear in the present case, that appellant's trial counsel, like the public defender in *McKenzie,* violated his obligations as an attorney and deprived

his client of his fundamental right to the effective assistance of counsel by his express refusal and failure to participate during appellant's trial. That conduct constituted misconduct and incompetent representation by him. Moreover, the trial court erred in its handling of the problem. The *McKenzie* court noted: " 'Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused.' (*Glasser* v. *United States* (1942) 315 U. S. 60, 71 [86 L.Ed. 680, 699, 62 S.Ct. 457]; see also *Powell* v. *Alabama* (1932) 287 U.S. 45, 52 [77 L.Ed. 158, 162, 53 S.Ct. 55, 84 A.L.R. 527]; *People* v. *Davis* (1973) 31 Cal.App.3d 106, 110 [106 Cal.Rptr. 897]; Schwarzer, *Dealing with Incompetent Counsel—The Trial Judge's Role* (1980) 93 Harv.L.Rev. 633, 639, fn. 27, 649.)

"In order to implement this duty, the trial judge is vested with both the statutory and the inherent power to exercise reasonable control over all proceedings connected with the litigation before him. (*Cooper* v. *Superior Court* (1961) 55 Cal.2d 291, 301 [10 Cal.Rptr. 842, 359 P.2d 274]; Code Civ. Proc., § 128.) The court has the authority ' "to take whatever steps [are] necessary to see that no conduct on the part of any person obstruct[s] the administration of justice" ' (*People* v. *Jones* (1979) 95 Cal.App.3d 403, 407 [157 Cal.Rptr. 51]), to 'maintain "the dignity and authority of the court" [citation] and to summarily punish for acts committed in the immediate view and presence of the court when they impede, embarass or obstruct it in the discharge of its duties [citations].' (*Mowrer* v. *Superior Court* (1969) 3 Cal.App.3d 223, 230 [83 Cal.Rptr. 125].) It has further been noted that the trial judge 'has the responsibility for safeguarding both the rights of the accused and the interest of the public in the administration of criminal justice. The adversary nature of the proceedings does not relieve the trial judge of the obligation of raising on his or her initiative, at all appropriate times and in an appropriate manner, matters which may significantly promote a just determination of the trial.' (ABA Standards for Criminal Justice [hereafter ABA Standards]—Special Functions of the Trial Judge, std. 6-1.1; Schwarzer, *Dealing with Incompetent Counsel—The Trial Judge's Role, supra,* 93 Harv.L.Rev. at p. 635, fn. 12, 640, fn. 34.)

"By allowing this defendant to proceed to trial without the assistance of counsel when he had not affirmatively waived his right to such assistance, the court abrogated both its duty to protect the rights of the accused and its duty to ensure a fair determination of the issues on their merits. Furthermore, the court's action, rather than promoting, actually hindered the orderly administration of justice. By permitting such a proceeding to go forward, the judge virtually assured an appeal, a reversal and a future retrial, thereby placing an unnecessary additional strain on an already overburdened judicial system. On the other hand, the court had at its disposal a number of options, any of which would likely have prevented the denial of defend-

ant's right to assistance of counsel. . . ." (*People* v. *McKenzie, supra,* 34 Cal.3d at pp. 626-627.)

▮ The trial court has the option to order defense counsel to participate in the defense of his client and to threaten to hold him in contempt if he fails to do so, to warn counsel that he will be reported to the State Bar for a determination of whether disciplinary measures should be taken, or to impose the sanction of contempt if he refuses to participate after being ordered to do so and relieve counsel of his duties. If counsel is relieved, the trial court must advise the defendant that he may represent himself or have another attorney appointed to represent him. Before, however, a defendant may be allowed to exercise his right of self-representation, "the court must determine that he is competent to waive his right to counsel and that any such election is knowing, intelligent and understanding. (*Farretta* v. *California* (1975) 422 U.S. 806, 835 [45 L.Ed.2d 562, 581, 95 S.Ct. 2525]; *People* v. *Maddox* (1967) 67 Cal.2d 647, 651 [63 Cal.Rptr. 371, 433 P.2d 163].)" (*People* v. *McKenzie, supra,* 34 Cal.3d at p. 628.) If the defendant requests counsel, the trial court must appoint substitute counsel and grant a continuance to allow adequate time to prepare for trial. (34 Cal.3d at p. 629.)

Under appropriate circumstances "[c]ounsel may also be relieved on the court's own motion, even over the objections of defendant or counsel." (34 Cal.3d at p. 629.) With regard to this option, the *McKenzie* court stated: "Although the judge has the discretion to overrule defendant's choice of counsel in order to eliminate potential conflicts, ensure adequate representation, or prevent substantial impairment of court proceedings, this discretion has been severely limited by California decisions. Thus, 'the state should keep to a necessary minimum its interference with the individual's desire to defend himself in whatever manner he deems best, using any legitimate means within his resources—and . . . that desire can constitutionally be forced to yield only when it will result in significant prejudice to the defendant himself or in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case.' (*People* v. *Crovedi* (1966) 65 Cal.2d 199, 208 [53 Cal.Rptr. 284, 417 P.2d 868].)

"While we recognize that courts should exercise their power to remove defense counsel with great circumspection (*Smith* v. *Superior Court, supra,* 68 Cal.2d 547, 558-562 [68 Cal.Rptr. 1, 440 P.2d 65]; *Cannon* v. *Commission on Judicial Qualifications* (1975) 14 Cal.3d 678, 697 [122 Cal.Rptr. 778, 537 P.2d 898]; *Ingram* v. *Justice Court* (1968) 69 Cal.2d 832, 840-841 [73 Cal.Rptr. 410, 447 P.2d 650, 36 A.L.R.3d 1391]; *People* v. *Crovedi, supra,* 65 Cal.2d 199, 208-209), they nevertheless retain the obligation to supervise the performance of defense counsel to ensure that adequate

representation is provided. (*McMann* v. *Richardson, supra,* 397 U.S. 759, 771 [25 L.Ed.2d 763, 773]; *Powell* v. *State of Alabama, supra,* 287 U.S. 45, 52 [77 L.Ed. 158, 162]; Schwarzer, *Dealing With Incompetent Counsel—Trial Judge's Role, supra,* 93 Harv.L.Rev. at pp. 649-653). Thus, a trial judge may remove defense counsel despite the objections of the defendant and his attorney if a serious conflict of interest arises during the trial proceedings resulting in 'an obviously deficient performance. Then the court's power and duty to ensure fairness and preserve the credibility of its judgments extends to recusal even when an informed defendant, for whatever reason, is cooperating in counsel's tactics.' (*Maxwell* v. *Superior Court* (1982) 30 Cal.3d 606, 619, fn. 10 [180 Cal.Rptr. 177, 639 P.2d 248, 18 A.L.R.4th 333].)" (*People* v. *McKenzie, supra,* 34 Cal.3d at pp. 629-630.)

 In the present case, the trial court did not undertake to exercise any of the above delineated options because it erroneously believed that it could not require appellant's trial counsel to participate in the trial and that it guaranteed only the opportunity to participate. We conclude that the trial court breached its duty to safeguard appellant's right to the effective assistance of counsel and to ensure the orderly administration of justice.

## II

 Respondent contends "that the prosecutor's action in eliciting appellant's consent to his counsel's tactic [of nonparticipation] was sufficient to waive his right to any effective representation." This contention is without merit.

There can be no waiver of the right to effective assistance of counsel in the absence of a waiver of the right to counsel. The two are not mutually exclusive rights; each is part and parcel of the other.

 "[T]he right to counsel can be waived only if such waiver is knowing, intelligent and voluntary." (*People* v. *McKenzie, supra,* 34 Cal.3d at p. 635.) A waiver is valid only if made by one who has been fully apprised of his constitutional right to counsel and the consequences of foregoing said right and who has an intelligent understanding of the consequences that flow from a waiver of that right. (*People* v. *Douglas* (1964) 61 Cal.2d 430, 435 [38 Cal.Rptr. 884, 392 P.2d 964]; see *People* v. *McGraw* (1981) 119 Cal.App.3d 582, 597 [174 Cal.Rptr. 711].) Every reasonable presumption against the waiver of the right to counsel will be indulged, and acquiescence in the loss of the right to counsel will not be presumed. (*Carnley* v. *Cochran* (1962) 369 U.S. 506, 514 [8 L.Ed.2d 70, 76, 82 S.Ct. 884], citing *Johnson* v. *Zerbst* (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357].) The duty of determining whether there has been

a valid waiver of the right to counsel rests with the trial court. (*Carnley* v. *Cochran, supra,* 369 U.S. at pp. 514, 515 [8 L.Ed. at pp. 76-77], citing *Johnson* v. *Zerbst, supra,* 304 U.S. at p. 465 [82 L.Ed. at p. 1467].) No such determination was made in this case. The trial court merely permitted the prosecutor to elicit from appellant his consent to his trial counsel's nonparticipation.

Appellant's mere acquiescence in his trial counsel's handling of the case does not constitute "an intentional relinquishment or abandonment of a known right or privilege." (*Johnson* v. *Zerbst, supra,* 304 U.S. at p. 464 [82 L.Ed. at p. 1466].) In the present case, "there was not even minimal compliance with such constitutional requisites for a valid waiver of the right to counsel . . . ." (*In re Johnson* (1965) 62 Cal.2d 325, 337 [42 Cal.Rptr. 228, 398 P.2d 420].)

Appellant was deprived of his fundamental right to the effective assistance of counsel, and there was no valid waiver of same. Reversal is mandated.[1] (*People* v. *Pope, supra,* 23 Cal.3d at pp. 425-426; *People* v. *McGraw, supra,* 119 Cal.App.3d at p. 587.)

The judgment of conviction as to all counts is reversed.

Kingsley, Acting P. J., and Rudof, J.,* concurred.

---

[1]Contrary to respondent's belief, the *Watson* standard for reversal is inapplicable.

Also mandated, since we reverse because of the incompetent representation by and misconduct of appellant's trial counsel, is the reporting of this matter to the State Bar of California for investigation with regard to the appropriateness of its initiating disciplinary action against appellant's trial attorney. Business and Professions Code section 6086.7 provides: "Whenever a reversal of a judgment in a judicial proceeding is based in whole or in part upon misconduct, incompetent representation, or willful misrepresentation by counsel, the court that ordered reversal of the judgment shall cause the matter to be reported to the State Bar of California for investigation with regard to the appropriateness of initiating disciplinary action against the attorney. The court shall also notify the attorney involved that the matter has been referred to the State Bar for investigation." While the trial in this matter took place before the effective date of section 6086.7, no problem of retroactivity is presented, since that section is a legislative directive to the courts. Since it is in effect at the time we issue this opinion, we follow its mandate.

*Assigned by the Chairperson of the Judicial Council.