Filed 10/28/20  P. v. Greenlee CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B299345 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. KA055428) |
| CHRISTOPHER GREENLEE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert M. Martinez, Judge. Conditionally reversed and remanded with instructions.

Lori Nakaoka, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey,

Senior Assistant Attorney General, David E. Madeo and Peggy Z. Huang, Deputy Attorney Generals, for Plaintiff and Respondent.

---

## INTRODUCTION

In 2002, appellant was convicted of first degree burglary and other crimes arising from an incident in which he served as a getaway driver for a companion who sprayed and bludgeoned a man with a can of chemicals in order to steal another man's personal safe. Appellant's sentence on the burglary count included two five-year enhancements under Penal Code section 667 for prior first degree burglary convictions. In the most recent of our three prior opinions in this case, we remanded to the trial court with instructions, inter alia, to consider whether to strike these two five-year enhancements pursuant to the court's new discretion under Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1-2) (S.B. 1393). (*People v. Greenlee* (Jan. 23, 2019, B268860) [nonpub. opn.].)

On remand, appellant's appointed counsel recognized the need to conduct a factual investigation in order to prepare to advocate for a favorable exercise of the court's discretion. For reasons not revealed by the record, however, counsel failed to prepare. The day before the resentencing hearing, appellant, complaining of his counsel's failure to prepare, made a *Marsden* motion for appointment of

2

substitute counsel, which the court denied.[1]  During the *Marsden* hearing and the resentencing hearing the next day, appellant's counsel repeatedly and unequivocally admitted he was wholly unprepared to assist appellant.  Without securing a waiver of appellant's right to counsel, the court engaged in extended colloquies with appellant, during which appellant argued for a favorable exercise of the court's discretion; his counsel did not participate.  The court declined to strike the two five-year enhancements, relying in part on its view that appellant had neither changed nor matured in the 17 years since his underlying convictions.

On appeal, appellant contends:  (1) the trial court violated his right to counsel, requiring automatic reversal, in denying his *Marsden* motion and resentencing him the next day in the face of his counsel's unequivocal acknowledgment that he was unprepared to assist appellant, without securing a waiver of his right to counsel; and (2) the court abused its discretion in refusing to strike the two five-year enhancements.  The People dispute both contentions and argue that even if we agree with the first, we should affirm because the record shows the denial of appellant's *Marsden* motion was harmless beyond a reasonable doubt.

We agree with appellant's first contention, finding the court violated his right to counsel by resentencing him in the face of his counsel's repeated and unequivocal admissions that he was wholly unprepared to assist appellant, without

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

securing a knowing and voluntary waiver of his right to counsel.  We further conclude reversal is required even under the standard advanced by the People, as the record does not show the court's denial of appellant's *Marsden* motion was harmless beyond a reasonable doubt. Accordingly, we conditionally reverse appellant's sentence and remand to the trial court with instructions to consider, at a resentencing hearing at which appellant receives the assistance of counsel (unless he knowingly and voluntarily waives his right to counsel), whether to exercise its discretion to strike the two five-year enhancements imposed under Penal Code section 667.

## PROCEEDINGS BELOW
### A. *Background to Our Prior Remand*

On December 21, 2001, a contractor was working at a house owned by Steve Williams, an acquaintance of appellant's through appellant's wife.  The contractor saw appellant driving a small blue car, which appellant stopped in front of the house.  As appellant spoke to a passerby, a man wearing a hoodie started walking up the house's driveway, but then walked away.  Appellant drove away.  Soon, the man in the hoodie reappeared and asked the contractor when he could see Williams.  When the contractor removed his safety glasses, the man sprayed the contractor's face with a chemical spray can, pushed him to the ground, and struck his head and shoulders with the can.  The man took a personal safe owned by Williams and entered the

4

passenger side of a small blue car, which sped off. The car almost hit a nearby driver, who wrote down its license plate number and gave it to the police. The police determined the car was registered to appellant's wife.

A jury convicted appellant of first degree burglary, assault with a deadly weapon by means likely to produce great bodily injury, and petty theft with five prior theft-related convictions. The jury found true allegations under Penal Code section 667, subdivision (a), that appellant had sustained first degree burglary convictions in June 1991 and October 1992.

The trial court sentenced appellant to an aggregate term of 38 years to life, comprising a 25-years-to-life term on the burglary count, two five-year enhancements for the prior first degree burglary convictions, and three one-year enhancements for prior convictions (two of these, like the five-year enhancements, were based on the prior first degree burglary convictions, while the third was based on a 1997 felony conviction for receiving stolen property, later reduced to a misdemeanor under Proposition 47). The court stayed appellant's sentence on the petty theft count. It ordered his sentence on the assault count to run concurrently with his sentence on the burglary count, explaining that the latter sentence was long and that "the nature of the weapon and the nature of the degree of force [were] substantially less than other types of weapons that are typically used."

On appellant's initial appeal, we affirmed the judgment as modified to strike the two one-year enhancements

imposed for the same first degree burglary convictions underlying the two five-year enhancements. (*People v. Greenlee* (Dec. 3, 2003, B162012) [nonpub. opn.].) Years later, appellant unsuccessfully petitioned the trial court under Proposition 47 to strike the remaining one-year enhancement, and we initially affirmed the denial of that petition. (*People v. Greenlee* (Feb. 16, 2017, B268860) [nonpub. opn.], cause transferred Oct. 10, 2018.) On remand from our Supreme Court, however, we remanded to the trial court with instructions to strike the remaining one-year enhancement and to determine whether the two five-year enhancements should be stricken pursuant to the court's new discretion under S.B. 1393. (*People v. Greenlee* (Jan. 23, 2019, B268860) [nonpub. opn.].) In so doing, we quoted our Supreme Court's statement of the rule that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*Ibid.*, quoting *People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).) Under this rule, "the resentencing court may consider 'any pertinent circumstances which have arisen since the prior sentence was imposed.'" (*Buycks, supra*, at 893.)

### B. *Appellant's In Pro. Per. Filings and Appointment of Counsel*

Shortly after we issued our most recent prior opinion, but before issuance of the remittitur, appellant, acting in

6

propria persona, filed in the trial court a "notice of lodging of exhibits" (dated February 3, 2019). The attached exhibits included records of appellant's completion -- mostly in recent years -- of counseling and education on psychological and substance abuse issues, vocational education, and employment (to the satisfaction of eight supervisors who provided him with letters of recommendation). Appellant expressed his hope that the court would "consider the records as a showing of appellant's rehabilitation efforts and in the Court['s] consideration of striking appellant's two serious 667.5 [*sic*] enhancements imposed in his case," adding that the exhibits reflected "only some examples of appellant's rehabilitation efforts since being in prison."

Soon thereafter, but still before issuance of the remittitur, appellant filed two additional documents, each of which raised various challenges to the proceedings underlying his instant and prior convictions. In addition to raising such challenges, appellant asked the court to "take into consideration his behavior in prison for the past 19 years, where there hasn't even been a remote question of any violence, and as a matter of fact he's stopped violence." Appellant asserted that all of his offenses were related to substance abuse, and that when he was a child, his relatives and their associates regularly used drugs around him and allowed him to drink alcohol until he passed out.

The remittitur was issued on March 26, 2019, and filed in the trial court on March 28, 2019. The court appointed counsel for appellant, who first appeared on April 15, 2019.

7

Appellant's counsel requested copies of the trial transcripts, explaining, "[I]f the court needs to consider [appellant's] background, his life, his . . . possibility of rehabilitating himself, those are factual things that I'll certainly want to know everything about . . . that I can." The court indicated it would order the trial transcripts. The court scheduled a status hearing for May 17, 2019, with the understanding that a further hearing would be scheduled after that date. At the May 17 hearing, without any substantive discussion on the record, the court scheduled a further hearing for June 13, 2019.

### C. The *Marsden* Hearing

At the outset of the June 13, 2019 hearing, appellant's counsel informed the court, "There is going to be a *Marsden*." The court held a *Marsden* hearing, inviting appellant to specify his concerns with his counsel. Appellant responded, "The concern is that I've been here [presumably, county jail] for a couple of months now. My attorney here hasn't even bothered to get my file from my previous conflicted attorney. I met with him last week for about ten minutes. He has no idea what is going on with my case. . . . He's not trying." Mentioning that he had been "down here three months from prison," appellant asked if the parties and court could "do this," to which the court responded, "I can do it right now."

Appellant's counsel interjected, "Does he want to waive? For the record, Your Honor, we had an extensive chambers conference. . . . I was in your chambers on behalf

of [appellant] advocating for as many records as I could possibly get because the phrase 'in the interest of justice' is very broad and I wanted to do the best I could to represent [appellant] and his life, his possibility of rehabilitation for the court's consideration.[2]  [¶] I see all that kind of is on the table and the court has granted some of my requests and denied some of my requests and I am ready to go to bat for [appellant] to try to get as much information from the court as I can that may influence your discretion but I walked into court today and he presented me with a *Marsden* motion right off the top of the bat so I haven't had an opportunity to do what I wanted to do.  If he wants to waive that on the record and have this hearing right now, that's fine, but I just want the court to know I am ready and willing to work this case with whatever information I can to the court [*sic*] on that limited issue."  Appellant responded that he wanted to "get this done," as he had been waiting for two months.

After indicating that it would trail the matter to the next morning, the court asked appellant, "Do you want to get involved with an attorney?"  Appellant responded, "I would like to have a new attorney, yes, absolutely."  His counsel interjected, "Then there is nothing for me to do.  I am totally unprepared to -- I can be here just to -- as a matter of record, but there is really not going to be much by way of advocacy that I can update with [*sic*]."  The court announced, "I will

---

[2]    The record includes no reporter's transcript of a chambers conference, or settled statement in lieu of such a transcript.

deny the *Marsden* hearing [*sic*]. He hasn't set forth any legitimate or legal basis for it. 10:30 [a.m.] tomorrow."

### D. *The Resentencing Hearing*

The morning after the *Marsden* hearing, the court held a resentencing hearing. The court invited appellant's counsel to argue whether the court should strike the two five-year enhancements. Appellant's counsel responded, "I don't have anything further to say other than what I said yesterday." After the court asked him to clarify what he had said the day before, he replied, "I have not had sufficient time to prepare this case for the court to exercise its discretion; however, if [appellant] wants to proceed with that understanding, that's his decision."

The court invited a response from appellant, who again complained that his counsel had not obtained his file after two months of representation, and asked how much additional time his counsel was requesting. Rather than ask appellant's counsel that question, the court delivered a brief summary of the procedural history of the case to appellant's counsel and asked, "Can you think of any reason that the court should strike the two prior serious felonies in the interest of justice that would promote the interest of justice?" Appellant's counsel responded, "As I stand here today, I don't have anything, but I haven't finished my investigation." After the court asked him to describe the investigation he intended to conduct, he responded, "Do more of a background check into his life. Perhaps the

10

reasons why these things happened to him. How they fit in the context. [¶] The interest of justice is a very broad concept. If the court is not going to look beyond just the mere convictions, then I don't have anything to present to the court. But if the court is willing to listen to more than just the legal convictions, then there might be something in his past or in his life that the court may want to consider." The court prompted, "For example?" Appellant's counsel responded, "Mental health problem. Drug problem. Anything that could show the court that perhaps he's a person that can be rehabilitated, become a productive member of society. Those kind of things."

The court then addressed appellant directly, asking him whether there were additional facts the court should consider. Appellant argued at length regarding his challenges to the proceedings underlying his instant and prior convictions, his history of substance abuse dating back to his abusive childhood, and injuries he had sustained, which he suspected had caused mental illness. After appellant indicated he could think of nothing further to say, the court invited appellant's counsel to speak.

Appellant's counsel responded, "What [appellant] just said is a tall order. I think all of that would come within the ambit of the interest of justice. Certainly his background, how he was raised, his mental states, drug abuse, mental health issues. [¶] If I were to investigate all that, it would take months to do that. I would have to get an investigator, subpoena documents. He would have to be examined

medically and psychologically. [¶] If I were to do this job right, that's what I would be asking to do. But I don't have any information []or input at this point in time that would influence the court one way or the other regarding its exercise of its discretion."

After further colloquy with appellant and without addressing appellant's counsel, the court announced that it was denying appellant's motion to strike the two five-year enhancements. Addressing appellant directly, the court explained that "based on your history, I do not see any circumstances whatsoever that would promote the interest of justice by striking your priors. [¶] You've demonstrated that you are a danger. Your crimes of theft and receiving stolen property go back to 1989 when you were 19 years old. And the court is of the view that you have not changed. You have not matured, nor have you accepted responsibility. All right. And the court does not find any factors that would promote the interest of justice by striking either of the five-year priors. [¶] The motion to strike priors is denied." Pursuant to our instructions, the court struck the remaining one-year enhancement.

Appellant, acting in propria persona, filed a handwritten notice of appeal the same day.

## DISCUSSION

Appellant contends the trial court violated his right to counsel in denying his motion for substitute counsel and resentencing him the next day in the face of his counsel's

unequivocal admission that he was wholly unprepared to assist appellant, without securing a knowing and voluntary waiver of his right to counsel.  We agree.

### A. *Principles*

Criminal defendants have a right to counsel under the federal and California Constitutions.  (E.g., *People v. McKenzie* (1983) 34 Cal.3d 616, 626 (*McKenzie*), abrogated on another ground in *People v. Crayton* (2002) 28 Cal.4th 346.)  "[T]he constitutional right to counsel mandates diligent, substantial representation, not simply a pro forma appearance."  (*People v. Locklar* (1978) 84 Cal.App.3d 224, 229 (*Locklar*).)  A trial court has a duty "to assure, to the extent possible under all the circumstances, that defendant receives such diligent advocacy."  (*McKenzie, supra,* at 626; accord, *People v. Shelley* (1984) 156 Cal.App.3d 521, 532 (*Shelley*) [in face of defense counsel's nonparticipation at trial, trial court had "duty to safeguard [defendant]'s right to the effective assistance of counsel and to ensure the orderly administration of justice"].)

To discharge this duty when faced with defense counsel representing that he will not or cannot participate in the defense of his client, a trial court has several options:  "The trial court has the option to order defense counsel to participate in the defense of his client and to threaten to hold him in contempt if he fails to do so, to warn counsel that he will be reported to the State Bar for a determination of whether disciplinary measures should be taken, or to impose

13

the sanction of contempt if he refuses to participate after being ordered to do so and relieve counsel of his duties. If counsel is relieved, the trial court must advise the defendant that he may represent himself or have another attorney appointed to represent him. Before, however, a defendant may be allowed to exercise his right of self-representation, 'the court must determine that he is competent to waive his right to counsel and that any such election is knowing, intelligent and understanding. [Citations.]' (*McKenzie*, *supra*, 34 Cal.3d at p. 628.) If the defendant requests counsel, the trial court must appoint substitute counsel and grant a continuance to allow adequate time to prepare for trial." (*Shelley*, *supra*, 156 Cal.App.3d at 531.) Though one option, as noted, is to secure a knowing and voluntary waiver of the right to counsel, "[e]very reasonable presumption against the waiver of the right to counsel will be indulged, and acquiescence in the loss of the right to counsel will not be presumed." (*Id.* at 532.) "There can be no waiver of the right to *effective assistance of* counsel in the absence of a waiver of the right to counsel. The two are not mutually exclusive rights; each is part and parcel of the other." (*Ibid.*, italics added.)

### B. *Analysis*

The trial court violated appellant's right to counsel by resentencing him in the face of his counsel's repeated and unequivocal admissions that he was wholly unprepared to assist appellant, without securing a knowing and voluntary

14

waiver of appellant's right to counsel. During the *Marsden* hearing the day before resentencing, appellant's counsel advised the court that he was "totally unprepared," emphasizing that if he were to appear the next day, it would be "just . . . as a matter of record," and there would be "nothing for [him] to do" in terms of advocacy. At the outset of the resentencing hearing, counsel reaffirmed that he was incapable of adequately representing appellant on the sole issue before the court, stating, "I have not had sufficient time to prepare this case for the court to exercise its discretion." Recognizing the need for further investigation, counsel candidly admitted that "As I stand here today, I don't have anything. But I haven't finished my investigation." In his last words to the court before the announcement of its ruling, counsel put his admission in even plainer terms: "I don't have any information []or input at this point in time that would influence the court one way or the other regarding its exercise of its discretion." Though appellant himself argued at length for a favorable exercise of the court's discretion, his counsel did not participate in his client's advocacy.[3] "[C]ounsel's nonparticipation was neither

---

[3] The People misrepresent the record in asserting that appellant's counsel "urged the court to consider appellant's mental health, drug addiction, and social history," and that appellant merely "elaborate[d]" on his counsel's submission. In fact, counsel referenced appellant's mental health, drug use, and social history only as subjects of the months-long investigation he "would be asking to do" if he "were to do this job right . . . ."

15

'effective' nor 'assistance' in any sense of those terms." (*McKenzie, supra,* 34 Cal.3d at 637.)

In the face of counsel's admissions of total unpreparedness and inability to proceed, the court had the following options:  (1) continue the proceedings a reasonable period of time to enable counsel to prepare; (2) grant appellant's *Marsden* motion and continue the resentencing hearing to enable substitute counsel to prepare; or (3) secure from appellant a knowing and voluntary waiver of his  right to counsel.  (See *Shelley, supra,* 156 Cal.App.3d at 531; cf. *Magana v. Superior Court* (2018) 22 Cal.App.5th 840, 845-846, 862 [trial court acted within its discretion, after continuing trial on account of defense counsel's failure to prepare, in relieving counsel against defendant's wishes, where counsel, "*by his own admission,* was not prepared on the day set for trial to competently represent defendant"].) In resentencing appellant without pursuing any of those alternatives, the court violated appellant's right to counsel. (See *In re Cassandra R.* (1983) 139 Cal.App.3d 670, 676-677 [juvenile court deprived defendant of assistance of counsel in denying defendant's day-of-adjudication-hearing continuance request and conducting hearing in face of defense counsel's nonparticipation, where counsel was "totally unprepared to proceed"]; *Locklar, supra,* 84 Cal.App.3d at 227-229 [trial court deprived defendant of assistance of counsel in denying defendant's day-of-trial continuance request to accommodate defense counsel's sudden illness and impaneling jury in face

of interim counsel's nonparticipation, where interim counsel was unfamiliar with case].)

The People imply that appellant invited the court's error, asserting that during the *Marsden* hearing, appellant "insisted on proceeding with the resentencing." Not so. In making his *Marsden* motion, appellant sought new counsel on the ground that his counsel had failed to investigate and prepare a defense -- assuredly aware that new counsel's appointment, investigation, and preparation would require a continuance. Though appellant did express a desire to proceed with resentencing rather than languish in county jail without the assistance of counsel, he never abandoned his request for the assistance of *prepared* counsel. On the contrary, even after the court announced its intent to proceed with resentencing the next day, appellant affirmed he "absolutely" wanted new counsel. Moreover, even had appellant insisted on proceeding the next day, his insistence would not have negated the court's "duty to safeguard appellant's right to the effective assistance of counsel and to ensure the orderly administration of justice." (*Shelley, supra,* 156 Cal.App.3d at 532; see also *id.* at 533 [where court "permitted the prosecutor to elicit from [defendant] his consent to his trial counsel's nonparticipation" at trial, defendant's "mere acquiescence in his trial counsel's handling of the case" did not waive his right to counsel]; *People v. McGraw* (1981) 119 Cal.App.3d 582, 587 [defendant's "apparent approval" of retained counsel's nonparticipation in jury selection "did not meet even the

17

minimal constitutional requisites for a valid waiver of the right to counsel"].)

We are not unsympathetic to the trial court's position. Faced with counsel who -- for reasons not revealed by the record -- was unable to represent his client, and a defendant frustrated with perceived undue delay in his resentencing, the court's alternatives were limited and imperfect. What it could not do, however, was proceed to substitute appellant for his admittedly unprepared counsel, without securing from appellant a thorough and informed waiver of his right to counsel.

While the parties dispute the appropriate standard of review, we need not resolve that dispute. We conclude reversal is required even under the standard advanced by the People, as the record does not show the court's denial of appellant's *Marsden* motion was harmless beyond a reasonable doubt.[4] The record includes relevant evidence that appellant made efforts to rehabilitate himself after his original sentencing, particularly in recent years, by completing vocational education, employment, and

---

[4] Appellant argues that the violation of his right to counsel requires automatic reversal. (See, e.g., *People v. Hall* (1990) 218 Cal.App.3d 1102, 1109 ["If, at a deferred sentencing hearing where the defendant represents himself or herself, there is a complete absence of a waiver of the right to counsel and of any self-representation warnings, reversal is required"]; *Locklar*, *supra*, 84 Cal.App.3d at 229 [trial court's proceeding with jury selection in face of appointed counsel's nonparticipation was "reversible error per se"].)

counseling on psychological and substance abuse issues. (See *Buycks*, *supra*, 5 Cal.5th at 893; cf. *Pepper v. U.S.* (2011) 562 U.S. 476, 492 [evidence of defendant's post-sentencing rehabilitation, including evidence of education, employment, and substance abuse recovery, was "critical" part of history and characteristics federal district court was required to consider at resentencing].) The court exhibited no knowledge that such evidence existed. Had appellant received assistance from prepared counsel, however, such counsel might have secured the court's favorable consideration of this evidence, or of other evidence of rehabilitation discovered through investigation. In announcing its decision not to strike the enhancements, the court relied, in part, on its view that appellant had neither changed nor matured in the 17 years since his underlying convictions. There is a reasonable doubt whether the assistance of prepared counsel in presenting evidence of rehabilitation would have changed that view. (Cf. *People v. Cutting* (2019) 42 Cal.App.5th 344, 350 [violation of defendant's federal constitutional right to be present at resentencing hearing, after remand with instructions to strike enhancement for prior drug convictions, was not harmless beyond a reasonable doubt, where defendant might have offered mitigating evidence "that arose after his original sentencing"]; *People v. Rocha* (2019) 32 Cal.App.5th 352, 355, 360 [defendant was prejudiced by violation of his statutory right to be present with counsel at resentencing hearing on remand for exercise of discretion to strike firearm

19

enhancement, where violation deprived defendant of opportunity to "'emphasize'" mitigating evidence].)[5]

---

[5]      Because we agree with appellant's first contention, we need not address his second, viz., that on the record before it the court abused its discretion in refusing to strike the two five-year enhancements. With respect to both arguments, appellant seeks resentencing, not a determination that the court was compelled as a matter of law to strike the enhancements.

## DISPOSITION

Appellant's sentence is conditionally reversed, and the matter is remanded to the trial court with instructions to consider, at a resentencing hearing at which appellant receives the assistance of counsel (unless he knowingly and voluntarily waives his right to counsel), whether to exercise its discretion to strike the two five-year enhancements imposed under Penal Code section 667.  If the court strikes either enhancement, it shall resentence appellant, prepare an amended abstract of judgment reflecting appellant's new sentence, and forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.  If the court does not strike either enhancement, it shall reinstate appellant's sentence.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, P. J.

We concur:

WILLHITE, J.                                    COLLINS, J.

21