[No. B046923. Second Dist., Div. Four. Nov. 16, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
EMMANUEL STROZIER, Defendant and Appellant.

## COUNSEL

Carol K. Lysaght, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec, Edward H. Kajani and Simon Silva, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

CONWAY, J.*—Emmanuel Strozier appeals from a judgment of conviction entered after a jury found him guilty of attempted murder with intent to inflict great bodily injury. We affirm.

### FACTUAL SUMMARY

Approximately 9 p.m. on March 17, 1989, appellant and some of his friends arrived at the home of "Junior" who was a friend of appellant's. "Chris," a friend of Junior's was already there. Everyone sat around and watched television until around 10 or 11 p.m. when Floyd Young came to the door. Junior and Chris went outside to talk to Young and a fight broke out among the three of them. During the early phase of the fight, appellant remained inside the house; however, as the fight continued, appellant went outside to see what was going on. Appellant was outside watching the fight for approximately five minutes when Young hit him in the head. Appellant hit Young back and, shortly thereafter, two witnesses, Michael Thompson and his sister, Rochelle, who lived in the neighborhood, heard the victim yell "somebody help me." As the witnesses left their home, they observed Young lying on the ground, and appellant was kicking and stomping on his face.

Across the street, several of appellant's friends, including Junior, were yelling at appellant to "come on and leave." Appellant replied that Young "had hit him in the face with a stick" whereupon appellant picked up a metal shopping cart, raised it over his head and threw it down on Young's upper chest and head area. Appellant then walked away, got into a late model gray Nissan 300-Z automobile, made a U-turn and positioned the vehicle so it faced Young. He then turned on the car's headlights so they illuminated Young and said, "He hit me. He hit me in the face with a stick." Appellant then drove away.

After obtaining information implicating appellant in the attack, the police arrested him on March 18, and appellant was charged with attempted murder with intent to inflict great bodily injury. Appellant retained private counsel, Douglas McCann, to represent him and McCann did so until August 7, 1989.

Appellant was arraigned in the superior court on April 26, 1989, and a pretrial conference was set for May 24, 1989. At the pretrial conference, a

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.

trial date of June 16 was set at the request of the appellant, and the balance of the pretrial conference was continued to June 1 and then to June 2. On June 2, the matter was not resolved and the pretrial conference was ordered off calendar with the trial date of June 16 to remain. On June 16, 1989, appellant requested a continuance in order to conduct "further investigation" and the appointment of a private investigator to assist him. Both requests were granted, and the trial was continued to July 5, 1989. The matter was again continued at appellant's request on July 5 because his attorney was engaged in trial and a new trial date of July 26, 1989, was set. On July 26, the case was transferred from the court department where it had been up to that time to another department and set for trial on August 1, 1989. No request for continuance by either side was made on July 26.

When the matter was called for trial on August 1, Mr. McCann, as counsel for appellant, requested a two-week continuance of the trial date on the grounds that appellant's investigators were having difficulties subpoenaing three witnesses. This request was objected to by respondent on the grounds that appellant had previously announced ready, and that the respondent's witnesses had been threatened, some directly by the appellant. The trial court denied the request for continuance without prejudice; put the case over to August 7; and stated that the appellant could renew his motion on the next date, and that the trial court would ". . . be more than willing to consider it at that time."

On August 7, 1989, appellant again requested a two-week continuance on the same grounds asserted previously. Respondent objected to the continuance on the grounds that appellant had had ample time to locate the witnesses in question, and on the further ground that respondent's witnesses were being threatened, including one witness who was beaten up over the weekend. Mr. McCann, appellant's then counsel, advised the court that if the continuance was not granted, he would be "incompetent" to represent appellant, and the court would have to appoint another attorney. The trial court offered to trail the matter until the end of the week (Aug. 11) if Mr. McCann would indicate that he would be ready to try the case at that time. Mr. McCann would not make such a commitment, and the trial court then relieved him as counsel for appellant. The trial court then appointed another attorney for appellant, and the matter ultimately proceeded to trial on August 22, 1989.

## DISCUSSION

Appellant makes two contentions on appeal: (1) that his constitutional right to counsel was violated when the trial court relieved appellant's

retained counsel over objections and substituted appointed counsel; and (2) that the trial court erred in refusing to instruct the jury pursuant to CALJIC No. 5.32 that the use of force in defense of another is lawful.

I

■ Appellant's first contention regarding his constitutional right to counsel turns on whether the trial court's denial of his request for a continuance, made on August 7, 1989, was an abuse of discretion. When the trial court gave a preliminary indication that it was not inclined to grant a two-week extension, although the trial court did indicate it would consider something shorter if counsel for appellant indicated he would be ready to try the case by that date, Mr. McCann stated, "I have indicated I will be incompetent if I went to trial at this time. At this point, we are going to get an appointed counsel and all I can do is tell him [appellant]." It is clear from this statement that in reality what Mr. McCann did was ask to be relieved as counsel for appellant because of the denial of the request for a continuance. Accordingly, we must look at whether the denial of the request for a two-week continuance was an abuse of the trial court's discretion, and if not, was the removal of McCann proper.

■ "Generally, the granting of a continuance is within the discretion of the trial court." (*People v. Courts* (1985) 37 Cal.3d 784, 790 [210 Cal.Rptr. 193, 693 P.2d 778], citing *Ungar v. Sarafite* (1964) 376 U.S. 575, 589 [11 L.Ed.2d 921, 931, 84 S.Ct. 841]; *People v. Crovedi* (1966) 65 Cal.2d 199, 206-207 [53 Cal.Rptr. 284, 417 P.2d 868].) Once a continuance has been denied, the burden is on appellant to establish an abuse of discretion. (*People v. Rhines* (1982) 131 Cal.App.3d 498, 506 [182 Cal.Rptr. 478].) Further, " '[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " (*People v. Crovedi*, *supra*, 65 Cal.2d at p. 207.)

■ The record before us indicates that appellant requested a continuance of the trial on August 7, 1989, because he had been unable to subpoena certain witnesses. The record further indicates that this was essentially the same reason given for a requested continuance on August 1. Appellant's counsel also indicated at the August 7th hearing that even if the court gave him some additional time (until Aug. 11), he could not assure the court that he would be ready to proceed to trial. On June 16, 1989, the lower court had signed an order appointing an investigator for appellant and continued the trial so appellant could conduct "further investigation." The record is void of

any explanation or reason why the witnesses in question had not been located or subpoenaed between June 16 and August 1 or 7. Nor is there any indication as to the efforts appellant made between August 1 and August 7 to locate and serve the witnesses.

In *People* v. *Howard* (1992) 1 Cal.4th 1132 [5 Cal.Rptr.2d 268, 824 P.2d 1315], the trial court's denial of defendant's request for a 24-hour continuance in order to enable defendant to find an expert witness was not error because defendant failed to demonstrate that good cause existed to justify a continuance. The court held that to establish good cause for a continuance in order to secure witnesses, ". . . defendant had the burden of showing that he had exercised due diligence to secure the witness's attendance. . . ." (*Id.* at p. 1171.) Thus, a defendant is required to act with diligence and may not demand a continuance if he is unjustifiably dilatory. (*People* v. *Rhines*, *supra*, 131 Cal.App.3d at p. 506; *People* v. *Courts*, *supra*, 37 Cal.3d 784, 790-791.) Since appellant herein made no offer of proof at the hearings on August 1st or 7th concerning his efforts to locate the missing witnesses nor any explanation why they had not been subpoenaed earlier, appellant failed to meet his burden of showing good cause for a continuance.

Appellant argues that his due process rights were violated by the trial court's order relieving his retained counsel. We disagree. ▮ The concept of due process, as it relates to the right of counsel, must be weighed against ". . . other values of substantial importance, such as assurance of an orderly and speedy determination of criminal charges. . . ." (*People* v. *Lucev* (1986) 188 Cal.App.3d 551, 556 [233 Cal.Rptr. 222].) A prompt resolution of criminal matters, not only from the defendant's viewpoint, but also for the benefit of the people of the State of California and victims of criminal activity, has been recognized by the Legislature. Penal Code section 1050, subdivision (a), provides, among other things that: "(a) The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time. To this end, the Legislature finds that the criminal courts are becoming increasingly congested with resulting adverse consequences to the welfare of the people and the defendant. Excessive continuances contribute substantially to this congestion and cause substantial hardship to victims and other witnesses."

▮ Applying these concepts to the instant case, we find that the trial court did not abuse its discretion in denying appellant's request for a continuance. There is nothing in the record before us that indicates appellant did not have ample time to prepare his defense, and other than the denial of the requested continuance, no such claim is made by appellant.

Appellant's reliance on *People* v. *Courts, supra,* 37 Cal.3d 784 and *People* v. *Crovedi, supra,* 65 Cal.2d 199, is misplaced. Both of these cases dealt with requests for continuances in order to enable the defendant to obtain private counsel. In the instant case, appellant did not request the continuance in order to obtain counsel (he already had one), but to locate witnesses. Since appellant's request for a continuance was not linked to the right to counsel, *Courts* and *Crovedi* do not resolve the issues here.

■ Having determined that the trial court did not abuse its discretion in denying appellant's request for a continuance, we next determine whether the court had the right to remove appellant's privately retained counsel. We conclude that it did. A trial court has discretion to remove counsel on its own motion when removal is necessary in order to prevent disruption of the orderly processes of justice under the circumstances of the particular case. (*People* v. *Lucev, supra,* 188 Cal.App.3d at pp. 556-557; *People* v. *McKenzie* (1983) 34 Cal.3d 616, 629-630 [194 Cal.Rptr. 462, 668 P.2d 769]; *People* v. *Crovedi, supra,* 65 Cal.2d at p. 208.) At the hearing, appellant's counsel represented that he would be "incompetent" to proceed to trial even if the case were trailed four more days, and he could not give the trial court any assurances that he would be ready to proceed to trial at that time. Since appellant's counsel, by his own admission, was incompetent to try the case within the set trial date or dates, the trial court had little other alternative except to relieve him.

In light of the numerous continuances requested by appellant, as well as the threat to prosecution witnesses which increased with the passage of time, we are not prepared to substitute our judgment for that of the trial court. Accordingly, the denial of the continuance was not an abuse of discretion and removal of appellant's counsel in light of his representation of incompetence to proceed to trial was not violative of appellant's due process rights.

II

■ Appellant next contends that the trial court's failure to give the requested jury instruction on the use of force in defense of another (CALJIC No. 5.32) constitutes reversible error. We disagree.

■ A defendant in a criminal matter has a constitutional right to have the jury decide every material factual matter presented by the evidence.

(*People* v. *Sedeno* (1974) 10 Cal.3d 703, 720 [112 Cal.Rptr. 1, 518 P.2d 913], overruled on other grounds in *People* v. *Flannel* (1979) 25 Cal.3d 668, 684-685 [160 Cal.Rptr. 84, 603 P.2d 1].) In reviewing the evidence to determine whether exclusion of a requested instruction was error, " '[d]oubts as to the sufficiency of the evidence to warrant instructions should be resolved in favor of the accused.' " (*People* v. *Flannel*, *supra*, 25 Cal.3d at p. 685.)

The test, however, as to when an instruction must be given is whether there was substantial evidence presented which would warrant the giving of the instruction. (*People* v. *Flannel*, *supra*, 25 Cal.3d at pp. 684-685, fn. 12.) A jury instruction need not be given whenever *any* evidence is presented, no matter how weak. (*Id.* at p. 684, fn. 12, italics in original.) Rather, the accused must present "evidence sufficient to deserve consideration by the jury, i.e., evidence from which a jury composed of reasonable men could have concluded that the particular facts underlying the instruction did exist. [Citation.] [¶] This does not require—or permit—the trial court to determine the credibility of witnesses. It simply frees the court from any obligation to present theories to the jury which the jury could not reasonably find to exist." (*People* v. *Wickersham* (1982) 32 Cal.3d 307, 324-325 [185 Cal.Rptr. 436, 650 P.2d 311], internal quotation marks omitted.)

█ In the instant case, appellant failed to present substantial evidence to support an instruction on defense of others. As appellant admits, he entered the fray only after Young began to fight with Chris and Junior, and even then did not begin hitting the victim until the victim missed his target and struck appellant in the head. Appellant failed to present substantial evidence showing that appellant acted in defense of his friends when he entered the fight, rather than acting in self-defense. Thus, the refusal to give the requested instruction was not error. The jury was given an opportunity to properly resolve the factual question of whether appellant acted in self-defense when he assaulted Young with the shopping cart and resolved that issue adversely to appellant.

Respondent contends that at the time of sentencing appellant was given an incorrect number of custody credits and that the abstract of judgment should be amended to reflect the correct number. We agree. Appellant was credited with 199 days of actual custody time and 100 good time/work time days for a total of 299 days. Pursuant to *People* v. *Browning* (1991) 233 Cal.App.3d 1410 [285 Cal.Rptr. 216], appellant should have been credited with 297 days (199 actual days and 98 good time/work time days).

## DISPOSITION

The abstract of judgment is ordered modified to reflect the correct number of custody credits, and the judgment is otherwise affirmed.

Woods (A. M.), P. J., and Epstein, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 24, 1994.