I concur with the majority opinion, but write separately due to a concern regarding the formulation of the jury instruction. There is a substantial risk of juror confusion if the discussion in People v. Mower (2002) 28 Cal.4th 457, 476-484, on burden of proof is not carefully applied in framing instructions.
It is axiomatic that the People bear the burden of proving a defendant's guilt beyond a reasonable doubt and that the burden never shifts to the defendant to prove his innocence. (Evid. Code, § 501; People v. Mower, supra, 28 Cal.4th at pp. 478-479.) The Mower court also noted that there are a few affirmative defenses that a defendant must prove by preponderance of the evidence. These affirmative defenses include insanity and defenses that are collateral to any element of the crime, like entrapment. (Mower, supra, at pp. 479-481.)
As Witkin has explained, the term "burden of proof" is actually used in two senses. The primary and "proper" meaning connotes the burden of persuasion that describes a party's duty to convince a jury to a certain degree of confidence that a given fact is true. The secondary meaning involves the burden of production. The party with the burden of production must put forward sufficient evidence on a certain topic to achieve or avoid some outcome. Witkin points out that "[t]he practical effect of the distinction is that (1) the burden of going forward or initially producing evidence calls the judge's powers into play (e.g., in ruling on a motion [or deciding whether an instruction should be given]), while (2) the burden of proof in the fundamental sense operates when the case finally reaches the jury." (1 Witkin, Cal. Evidence (4th ed. 2000) Burden of Proof and Presumptions, § 1, pp. 155-156, italics added.) *Page 214 
Strictly speaking in a criminal case, with the exceptions noted above, a defendant never has a burden of either production or persuasion. If he chooses, he may simply stand silent and put the prosecution to the test of meeting its burden.
It is most often the case, however, that a defendant will attack some part or parts of the People's case. He may cross-examine an eyewitness or introduce evidence of an alibi to attack the People's claim that he was the perpetrator. In doing so, he may produce evidence calling his identification into question and seek to raise a reasonable doubt. By doing so, however, he never shoulders the burden to persuade the jurors that he did not commit the crime.
Similarly, a defendant may attack some element of the crime,[16] asserting self-defense in an assault case, for example. If a defendant raises self-defense, he need not prove he actually acted to defend himself. He need merely raise the issue by putting before the jury sufficient evidence to create a reasonable doubt. The People must then bear the burden of proving its case by persuading them that the defendant did not act lawfully in self-defense.
Allocating the burden of production to the defendant ensures that the prosecution need not reach out and anticipate all conceivable defenses, then knock down each straw man, whether raised by the evidence or not. The People need only prove that the defendant's conduct and mental state satisfied the elements set out by statute. When, however, a defendant raises a particular challenge by going forward with evidence, he is entitled to specific instructions relating to his challenge, if he can convince the court that the evidence he has produced is sufficient to warrant those instructions.
"A jury instruction need not be given whenever any evidence is presented, no matter how weak. [Citation.] Rather, the accused must present `evidence sufficient to deserve consideration by the jury, i.e., evidence from which a jury composed of reasonable men could have concluded that the particular facts underlying the instruction did exist. [Citation.] [¶] This does not require — or permit — the trial court to determine the credibility of witnesses. It simply frees the court from any obligation to present theories to the jury which the jury could not reasonably find to exist.' (People v. Wickersham (1982) 32 Cal.3d 307,324-325, internal quotation marks omitted.)" (People v. Strozier (1993) 20 Cal.App.4th 55, 63, first citation omitted, second citation omitted in original.)
In a conspiracy case a defendant who fails to produce sufficient evidence of withdrawal, would not be entitled to a jury instruction on that question. The *Page 215 
jury, thus, would never be required to consider the issue. If, however, a defendant does produce evidence sufficient to deserve jury consideration, he is entitled to have the jury determine whether he ended his participation in the conspiracy. Once he has made withdrawal an issue, the People must persuade the jury beyond a reasonable doubt, that he did not withdraw.
When the defendant's attack is one that undermines a fact that the prosecution must prove, his only burden is one of production. A withdrawal defense attacks the prosecution's burden to prove that the defendant was an active participant in the conspiracy at the time an underlying crime was committed. An alibi defense attacks the prosecution's duty to prove that the defendant, and not someone else, committed the charged offense. An unconsciousness defense attacks the prosecution's burden to prove that the defendant acted willfully and knowingly.
As the court explained in People v. Mower, supra,28 Cal.4th 457, the prosecution was obligated to prove that Mower unlawfully possessed or cultivated marijuana. Mower's defense, that he was a qualified patient or primary caregiver, making his possession or cultivation lawful, attacked an element of the prosecution's case. As a result, Mower's only obligation was to produce evidence that raised a reasonable doubt on the element of lawful possession.
This analysis is consistent with the authority in People v. Belmontes (1988) 45 Cal.3d 744. Belmontes challenged the giving of CALJIC 6.20 asserting that it shifted the burden to him to prove that he had withdrawn from an uncharged conspiracy. In rejecting this challenge, the court observed: "Under CALJIC No. 6.20 the burden is upon the defendant to go forward with evidence of his withdrawal from the conspiracy. His burden is one of production — not persuasion beyond a reasonable doubt of his non-membership in the conspiracy." (Id at p. 791.)
Evidence Code section 502 applies to both civil and criminal cases and directs that the "court on all proper occasions shall instruct the jury as to which party bears the burden of proof on each issue and as to whether that burden requires that a party raise a reasonable doubt concerning the existence or nonexistence of a fact or that he establish the existence or nonexistence of a fact by a preponderance of the evidence, by clear and convincing proof, or by proof beyond a reasonable doubt." In civil cases, of course, the concept of shifting burdens is more often encountered.
Applying the somewhat inartful language of Evidence Code section 502 in a criminal context is problematic. First, the section discusses the "burden of proof" in ways that implicate both the burden of production and the burden of *Page 216 
persuasion. Second, the application of the language in a criminal context is illogical. When a defendant attacks the prosecution's evidence, he seeks to undermine his opponent's case. Clearly he is not trying to raise a reasonable doubt about the facts underlying his asserted defense. A jury with substantial doubts about a defense is not likely to favor the defendant. Rather, the defendant is trying to raise a reasonable doubt about the ultimate issue of his guilt, on which the prosecution bears the burden of persuasion.
In a criminal context the need for clarity on the essential notion of burden of persuasion is critical. Telling jurors that the defendant must prove something poses the very real risk that they may misunderstand the burden of production to be one of persuasion, and thus mistakenly shift to him a greater burden than he may legally be compelled to carry.
If the court has determined that the defendant has produced sufficient evidence to merit the giving of an instruction, the issue of production has already been resolved and the jury need not consider it further. That aspect of "who bears the burden [of production]" has been disposed of by the court's ruling. What the jury must determine is whether the evidence produced has raised a reasonable doubt. Instructing the jury that they must acquit if they have a reasonable doubt on the issue properly allocates the burden without running the risks of misapplication outlined above.
I agree with the majority that the current state of the case law seems to call for the jury instruction they propose. I respectfully suggest that the area would benefit greatly from clarification. I believe the dictates of the statutes and the long-standing concepts of the burden of persuasion in criminal cases will be faithfully adhered to if jury instructions avoid language assigning any "burden of proof" to the defendant in criminal cases, other than in the case of insanity or other affirmative defenses. Jurors should be told, however, that when the evidence supporting a defense on which the defendant bears the burden of production raises a reasonable doubt, they must acquit.
[16] "The identity of the perpetrator is not an element of the corpus delicti." (People v. Kraft (2000) 23 Cal.4th 978, 1057.) *Page 217