Filed 12/4/13  P. v. Montgomery CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C067823 |
| v. | (Super. Ct. No. 09F06717) |
| AARON BOONE MONTGOMERY, | |
| Defendant and Appellant. | |

A jury convicted defendant Aaron Boone Montgomery of oral copulation by force, sexual intercourse by force, and genital penetration with a foreign object by force, and found true allegations that he used a knife and that there were two or more victims.  The trial court sentenced him to a determinate sentence of six years in prison, consecutive to an indeterminate sentence of 140 years to life.

Defendant now contends (1) the trial court failed in its sua sponte duty to instruct on battery as a lesser included offense; (2) the trial court failed in its sua sponte duty to

1

instruct on intoxication; and (3) the trial court erred in instructing the jury with CALCRIM No. 361 (failure to explain or deny adverse testimony).

We conclude the trial court did not have a sua sponte duty in this case to instruct on battery or intoxication. And although the use of CALCRIM No. 361 was not warranted, the error was harmless.

We will affirm the judgment.

BACKGROUND

Defendant was indicted for multiple sexual assaults against a victim in 2006, and also for sexual assaults against two other victims in separate incidents on the same day in 2009. Defendant admitted that he took each of the three victims to an abandoned house. They smoked marijuana or crystal methamphetamine and engaged in various sex acts, all of which he contended was consensual. Further details of the crimes are included in the discussion where relevant to the contentions on appeal.

The jury convicted defendant of oral copulation by force (Pen. Code, § 288a, subd. (c)(2)[1] -- counts one, three, four, six, nine and ten), sexual intercourse by force (§ 261, subd. (a)(2) -- counts two, eight), and genital penetration with a foreign object by force (§ 289, subd. (a)(1) -- count seven). On counts one and two, the jury found true allegations that defendant personally used a deadly weapon (a knife) in committing the crimes, and on counts one, two, three, four, six, eight, nine and ten, the jury found true allegations that there were two or more victims. The trial court sentenced defendant to a determinate sentence of six years in prison, consecutive to an indeterminate sentence of 140 years to life.

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

I

Defendant contends the trial court failed in its sua sponte duty to instruct on battery as a lesser included offense. Specifically, he argues (A) there was evidence he was too intoxicated to form the specific intent required to commit genital penetration, (B) there was insufficient evidence of genital penetration, and (C) if he actually but unreasonably believed the victims consented, he was guilty only of battery.

A

Defendant first claims the trial court should have instructed on battery as a lesser included offense because there was evidence defendant was too intoxicated to form the specific intent required to commit genital penetration. The specific intent element of the crime is that penetration be accomplished "for the purpose of sexual arousal, gratification, or abuse." (§ 289, subd. (k)(1).)

The victim of the 2006 genital penetration crime said she smoked methamphetamine with defendant shortly after they met. A friend of defendant's later drove them to an area unfamiliar to her so they could look for more drugs. They did not find drugs and the victim was surprised when defendant told the driver to leave them there. When she said she wanted to go home, defendant became angry and hit her in the eye and nose with a closed fist. Defendant admitted hitting her hard enough to break her nose and cause a lot of bleeding, but he said it was because she had thrown money back at him after he ordered her to buy marijuana. He later claimed he hit her because she accidentally hit him first and was "being disrespectful" toward him.

Defendant made the victim go into an abandoned house where people had been using drugs and into a room that had no furnishings other than a chair and a lamp. The victim testified she was "scared for [her] life" because defendant told her he could kill her and nobody would ever be able to find her. Defendant forced her out of her jeans, breaking the zipper. He told her to lie on the ground while he hit a stick or hanger against

3

his hand, telling her they were going to have sex. He sexually assaulted her throughout the night. The next morning, as they walked outside so defendant could look for more drugs, the victim saw a police car, ran toward it and jumped into the back seat, telling the officer she had been raped. Among other things, she told the police officer that defendant had put his finger inside her vagina while her hands were tied behind her back.

Defendant admitted he was a drug dealer and testified that he and the victim used methamphetamine and marijuana that day. On appeal he points to his testimony that methamphetamine caused hallucinations and paranoia, but he points to no evidence that he was hallucinating or paranoid or otherwise intoxicated at the time of the 2006 crime. The testimony about hallucinations and paranoia was offered as part of defendant's claim that the victim was a methamphetamine user who consented to sex but was irritable afterward because he "wasn't trying to smoke" and would not give her more of the drug. He claimed she jumped in the police car to avoid being arrested on drug charges.

During a discussion of jury instructions, defense counsel argued for instructions on "reasonably related" offenses but explicitly stated that he was "not arguing for the lesser included" and that he agreed with the prosecutor that there were no lesser included offenses. The trial court determined that the evidence did not warrant giving lesser included or lesser related instructions. We agree.

A trial court must instruct on lesser included offenses when the evidence presented leaves a question about whether the prosecution has proven one or more of the elements of the charged offense. (*People v. Kelly* (1992) 1 Cal.4th 495, 529-530.) The purpose of this limitation is to ensure that the jury's attention is focused only on relevant legal theories. (*People v. Wickersham* (1982) 32 Cal.3d 307, 325, disapproved on other grounds by *People v. Barton* (1995) 12 Cal.4th 186, 200.) The trial court must consider whether substantial evidence warrants such an instruction. (*People v. Strozier* (1993) 20 Cal.App.4th 55, 63.) A jury instruction on lesser included offenses is required only when a reasonable jury could have concluded that the facts underlying that instruction existed;

4

this test " 'frees the court from any obligation to present theories to the jury which the jury could not reasonably find to exist.' " (*Ibid.*)

Here, in connection with the genital penetration charge, the evidence of drug use did not support a finding that defendant was too intoxicated to form the requisite intent. (See *People v. Sanchez* (1982) 131 Cal.App.3d 718, 735, disapproved on other grounds in *People v. Escobar* (1992) 3 Cal.4th 740, 752 [instruction on intoxication not warranted when evidence showed defendant had been drinking but not that he was intoxicated].) Although defendant argues voluntary intoxication requires jury consideration of lesser offenses, the cases he cites are inapposite, involving defendants whose intoxication was relevant to distinctions between murder and manslaughter charges. But in this case, there was no evidence that defendant could not formulate the intent to penetrate the victim for the purpose of sexual arousal, gratification or abuse, and hence there was no basis for the trial court to instruct on battery.

B

Defendant next claims the trial court should have instructed on battery as a lesser included offense because there was insufficient evidence of genital penetration.

The basis for this contention is that the victim did not initially identify digital penetration in response to the prosecutor's request that she list the sexual acts committed by defendant against her. But the prosecutor interrupted her response to ask what she meant when she said defendant "made [her] have sex" with him. She later acknowledged reporting the digital penetration to police on the day of the crime, a fact that was corroborated by the officer into whose car she jumped as she fled from defendant. Defendant contends the trial court should have instructed the jury on battery in case it found that he touched but did not actually penetrate her vagina.

On this record, the trial court did not have a sua sponte duty to instruct on battery as a lesser included offense. The evidence of genital penetration was not contradicted and the jury concluded defendant was guilty as charged. There was no evidence to

5

support an alternative instruction, so none was required. (*People v. Strozier, supra,* 20 Cal.App.4th at p. 63.)

C

Defendant further claims the trial court should have instructed on battery as a lesser included offense because if, due to intoxication, he actually but *unreasonably* believed the victims consented, he was only guilty of battery.

One of the 2009 victims testified that defendant acted as if he were in "this weird other world." She thought he was on methamphetamine. She testified that, because she had no money, he threw her to the ground and told her she had to pay for the marijuana he had shared with her by giving him sex. When she told him she had a sexually transmitted disease, he choked her, forced her to her knees and told her she would have to give him oral sex. Defendant admitted that he "took a few hits" of marijuana before the victim "just unzipped me and went to work." She believed it was "obvious" he was "on something" because he was "very, very bipolar and he was just acting very different," then he stopped "making [her] gag" on his penis and "came back to his senses" and started a fire. He said he abruptly stopped the sex act and slapped her because she showed him a big bottle of antibiotics for the sexually transmitted disease and he considered her "dirty." He denied lighting a fire in her presence, saying, "Hell, no" and "I got asthma[;] I barely can smoke weed . . . ."

As we have already explained, the evidence does not indicate that defendant was intoxicated to the point that he could not form the requisite intent. In addition, there is no evidence that he did not understand what was going on around him. Defendant testified that he smoked marijuana and methamphetamine, but significantly, he did not testify to being intoxicated or even impaired. On this record, the trial court had no discernible basis to instruct on battery.

Moreover, there is no authority for the proposition that unreasonable belief in consent converts a sexual assault by force into simple battery. Defendant attempts an

6

analogy to "imperfect self-defense," but that attempt is unavailing. For example, with regard to the ability to form the requisite intent, a claim of "imperfect self-defense" is not available to negate intent just because an accused murderer claims to have been confused or impaired. (*In re Christian S*. (1994) 7 Cal.4th 768, 783 [accused killer must show not just actual and unreasonable belief of need for self-defense, but also an actual fear of imminent harm].) And even where sexual assault requires proof of specific intent -- such as where rape is the basis for a felony murder charge -- a defendant's admitted use of copious amounts of intoxicants does not necessarily vitiate intent to commit sexual assault. (*People v. Hernandez* (1988) 47 Cal.3d 315, 346 [intoxication did not negate specific intent to rape or sodomize, even though defendant was substantially impaired by alcohol and marijuana and was an alcoholic who, according to an expert, "would have impaired judgment as to whether someone was sexually receptive or not"].)

In any event, the trial court instructed the jury that, as to each forcible sex crime charged, a "defendant is not guilty of [the forcible sex crime] if he actually and reasonably believed that the other person consented to the act. The People have the burden of proving beyond a reasonable doubt that the defendant did not actually and reasonably believe that the other person consented." This was the *Mayberry* instruction requested by the defense. (See *People v. Mayberry* (1975) 15 Cal.3d 143, 155 [a reasonable and bona fide belief that the victim consented negates the requisite intent for a rape conviction].) The given instructions allowed defendant to prove his theory of the case, and there was no instructional error.

## II

In a related contention, defendant claims the trial court failed in its sua sponte duty to instruct on intoxication. As we have already discussed, this assignment of error involves the impact of defendant's alleged intoxication on the reasonableness of his belief that two of the three victims consented.

A trial court has no sua sponte duty to instruct on intoxication for any reason. (*People v. Castillo* (1997) 16 Cal.4th 1009, 1014.) The absence of specific intent to commit a crime because of intoxication, however, can be argued to a jury. (*Ibid*.) Defense counsel in this case argued in closing that defendant had a sincere and reasonable belief that all of the victims consented to sex and, even if they did not actually consent, they induced him to believe they had consented because they wanted money or drugs from him.

Defendant concedes that intoxication is not a defense to rape. Nonetheless, he argues the jury should have been instructed on intoxication because it was "relevant to assessing the honesty and reasonableness of his belief that [the two victims] had consented." But he acknowledges that this court rejected the very same argument in *People v. Bishop* (1982) 132 Cal.App.3d 717, 722.

Defendant adds that his trial counsel's failure to request an instruction on intoxication was ineffective assistance of counsel. But on this record, and applying the standard enunciated in *Strickland v. Washington* (1984) 466 U.S. 668, 687-688 [80 L.Ed.2d 674, 693], we conclude counsel's failure to request an instruction on intoxication did not "f[a]ll below an objective standard of reasonableness." Defendant testified at length but never said he was impaired by drugs or alcohol. The omission in requesting an intoxication instruction did not constitute ineffective assistance.

III

In addition, defendant argues the trial court erred in instructing the jury with CALCRIM No. 361 (failure to explain or deny adverse testimony).[2] He says the

---

[2] CALCRIM No. 361 states: "If the defendant failed in his testimony to explain or deny evidence against him, and if he could reasonably be expected to have done so based on what he knew, you may consider his failure to explain or deny in evaluating that evidence. Any such failure is not enough by itself to prove guilt. The People must still

instruction was not warranted because he responded to each of the questions posed to him on cross-examination. The Attorney General responds that defendant "had no explanation for the extent of the injuries the victims suffered or why they would conspire against him."

An instruction regarding the failure to explain or deny is not justified by contradictions in the evidence, but only by a failure to explain facts or evidence in the People's case that were in the defendant's particular knowledge to explain. (*People v. Saddler* (1979) 24 Cal.3d 671, 682-683.) The trial court gave the CALCRIM No. 361 instruction sua sponte without explanation. The prosecution's theory was that defendant lured each of the three victims to a remote place, used drugs with them, then sexually assaulted them; the defense theory was that the victims freely entered abandoned houses to use drugs with defendant and then consented to sex. We agree that the jury had reason to question the plausibility of the defense, but there were no obvious unexplained gaps in the evidence warranting the instruction. (See *People v. Marsh* (1985) 175 Cal.App.3d 987, 994 [it was error to give the instruction despite significant inconsistencies between the prosecution evidence and defendant's testimony]; *People v. Haynes* (1983) 148 Cal.App.3d 1117 [same].)

But given the compelling evidence against defendant, it is not reasonably probable that a more favorable result would have been reached without the instruction. (See *People v. Watson* (1956) 46 Cal.2d 818, 836 [harmless error analysis].) Defendant admitted most of the salient facts, including hitting all three victims in the face. Still, he testified adamantly, "I didn't force somebody to do nothing[.] [¶] . . . [¶] I didn't have to. I'm a lady's man out there, Man. I don't have to force nobody to do nothing." The jury did not believe him. Instead, it believed three unrelated victims with similar descriptions

---

prove the defendant guilty beyond a reasonable doubt. [¶] If the defendant failed to explain or deny, it is up to you to decide the meaning and importance of that failure."

of violent sexual assault.  The credibility issue was not likely to have been resolved differently in the absence of the erroneous instruction.

DISPOSITION

The judgment is affirmed.


                                                     _____MAURO_____, J.


We concur:


_____RAYE_____, P. J.


_____MURRAY_____, J.